FILED
Oct 11, 2019
10:00 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD OCTOBER 1, 2019, AT NASHVILLE[1])

| | | |
|---|---|---|
| Ricky Caldwell | ) | Docket No.  2019-04-0074 |
| | ) | |
| v. | ) | State File No. 78477-2018 |
| | ) | |
| Federal Mogul Motorsports Corp., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

---

### Affirmed in Part, Reversed in Part, and Remanded

---

In this interlocutory appeal, the employer asserts the trial court erred in conducting a telephonic hearing over the employer's objections and in conditioning a medical examination requested by the employer on its being live-streamed to or video-conferenced with the employee's personal physician.  In addition, the employee asserts that the trial court's original May 3, 2019 order requiring the employer's medical examination to be video-conferenced is not subject to review on appeal because the employer's notice of appeal was not filed until more than seven business days after the order was issued.  Upon careful review of the record, we conclude the issues presented in this appeal are subject to our review.  We affirm in part and reverse in part the trial court's order and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Alex B. Morrison and Christopher G. Rowe, Brentwood, Tennessee, for the employer-appellant, Federal Mogul Motorsports Corp.

Steven Fifield, Hendersonville, Tennessee, for the employee-appellee, Ricky Caldwell

---

[1] For purposes of oral argument, this case was consolidated with *Williams v. CoreCivic*, No. 2019-06-0268, which involves a similar issue and the same attorneys.

## Factual and Procedural Background

Ricky Caldwell ("Employee"), a resident of Putnam County, Tennessee, worked for Federal Mogul Motorsports Corporation ("Employer") at a manufacturing facility in Smithville, Tennessee. On October 10, 2018, while he was lifting a ninety-pound mold, Employee reporting feeling a "pop" in his neck and pain in his right shoulder. After reporting the incident to Employer, he received authorized medical care and was eventually seen by Dr. Roderick Vaughan, an orthopedic physician. Dr. Vaughan diagnosed a rotator cuff tear in the right shoulder and referred Employee to Dr. Abiola Atanda for further evaluation of the cervical spine. Dr. Atanda diagnosed cervical spinal stenosis, spondylolisthesis, and facet arthropathy. He noted that Employee reported no similar symptoms prior to the work accident. Dr. Atanda recommended a multi-level cervical fusion.

Thereafter, Employer informed Employee of its request for a medical evaluation with a physician of its choice pursuant to Tennessee Code Annotated section 50-6-204(d)(1), which states:

> The injured employee must submit to examination by the employer's physician at all reasonable times if requested to do so by the employer, but the employee shall have the right to have the employee's own physician present at the examination . . . .

Tenn. Code Ann. § 50-6-204(d)(1) (2018).

In response to Employer's notice of a medical examination scheduled with Dr. George Lien in February 2019, Employee indicated he would not attend. Thereafter, once Employee had retained an attorney, Employer attempted to reschedule the medical examination for April 17, 2019. Employee again declined to attend. In its motion to compel the medical examination, Employer argued that it was reasonable to request a medical examination and that Employee had unreasonably refused to attend. In response, Employee argued that Employer was "creating" a causation dispute where none existed and that it was unreasonable to require Employee to undergo the medical examination. Employee further argued that if the medical examination were ordered, Employer should be required to videotape and audio record the examination or, in the alternative, that it should be "live-streamed" so Employee's physician could view the examination electronically from a remote location.

Following a hearing on Employer's motion, the trial court issued an order on May 3, 2019, concluding that Employee must attend the medical examination. It further stated that requiring the medical examination to be videotaped or otherwise recorded "would be beyond the statute's scope." However, the court determined that allowing Employee's physician to "attend" the examination by video-conference would be a "reasonable

compromise" because video-conferencing is "simple, cheap, reliable[,] and available to everyone." Significantly, the court concluded that allowing Employee's physician to observe the medical examination by video-conference fell within the meaning of the phrase "present at the examination" as used in the statute.

On May 29, 2019, Employer filed a "Motion to Reconsider and Amend May 3, 2019 Order." In its motion, Employer argued there is no statutory right to video-conference the examination. It asserted the trial court had failed to consider certain provisions of the Health Insurance Portability and Accountability Act (HIPAA), a federal law that places certain obligations on health care providers to protect an individual's private health information from disclosure under certain circumstances.[2] Employer also included a list of fourteen area physicians it claimed had refused to perform the medical examination with the video-conferencing condition imposed by the trial court.

On June 10, 2019, the trial court's assistant contacted the parties to inform them the trial court had requested a teleconference with the attorneys.[3] Due to scheduling conflicts with other possible dates, the teleconference was set for 2:30 p.m. that same afternoon. Once the teleconference began, and Employer realized the trial court wanted to hear arguments regarding the pending motion, Employer objected to proceeding without a court reporter. When the trial court attempted to use its recording system to make a record of the hearing, the system did not work properly. When Employer again objected to proceeding without a court reporter, the trial court overruled its objection and conducted the hearing. The following day, the trial court entered an order denying Employer's motion to reconsider. Employer timely filed its notice of appeal as to that order.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v.*

---

[2] *See* 45 C.F.R. Part 160 (2018).

[3] In its brief on appeal, Employer argues its attorney was unaware of the purpose of the teleconference until after it had started.

*Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

The parties raise multiple issues in this appeal, which we have summarized and restated as follows: (1) whether Employer's appeal of the trial court's order compelling the video-conferencing of the medical examination was timely; (2) whether the trial court abused its discretion in proceeding with a telephonic hearing over Employer's objections; and (3) whether the trial court erred in conditioning Employer's request for a medical examination on a video-conferencing requirement.

*Timeliness of Appeal/Standard of Review*

As a threshold matter, we first address Employee's assertion that the May 3, 2019 order compelling the medical examination is not subject to review on appeal because Employer did not file a notice of appeal within seven business days after it was issued, as required by Tennessee Code Annotated section 50-6-217(a)(2)(A).  In response, Employer argues that its Motion to Reconsider and Amend May 3, 2019 Order, filed May 29, 2019, extended the deadline for filing a notice of appeal.

We previously addressed a similar issue in *Garassino v. Western Express, Inc.*, No. 2014-07-0013, 2016 TN Wrk. Comp. App. Bd. LEXIS 82 (Tenn. Workers' Comp. App. Bd. Nov. 7, 2016).  In that case, the trial court entered a compensation order and, within thirty days thereafter, one party filed a motion for discretionary costs and the other party responded to the motion, raising additional issues of law for the court's consideration.  *Id.* at *9.  Under those circumstances, we concluded that the employer's request for additional findings of fact and conclusions of law was made pursuant to Tennessee Rule of Civil Procedure 52.02, which extended deadlines in the appellate process as provided in Rule 59.01.  *Id.* at *11.[4]

However, *Garassino* involved a Rule 52.02 motion that was filed before the expiration of the original appeal deadline for compensation orders.  In the present case, Employer's motion to amend was not filed until after the seven-day appeal deadline for interlocutory orders had expired.  Allowing a party to subvert the interlocutory appeal deadline by filing a motion to amend days or weeks after the expiration of that deadline

---

[4] Our opinion in *Garassino* was affirmed by the Tennessee Supreme Court's Special Workers' Compensation Appeals Panel.  *See Garassino v. Western Express, Inc.*, No. M2016-02431-SC-W3-WC, 2018 Tenn. LEXIS 60 (Tenn. Workers' Comp. Panel Feb. 8, 2018).

would negate express provisions in Tennessee Code Annotated section 50-6-217(a)(2)(A), which we cannot do. Accordingly, we conclude the trial court's original May 3, 2019 order was not timely appealed.

Yet, our determination with regard to the trial court's May 3 order does not end the inquiry. The trial court also issued an interlocutory order on June 11, which was timely appealed. That order addressed issues and arguments that had not previously been presented. Specifically, the trial court addressed: (1) Employer's argument that conditioning an employer's medical examination on a video-conferencing requirement would have a chilling effect on an employer's ability to schedule such an examination; (2) Employer's apparent inability to locate a physician willing to abide by the trial court's video-conferencing requirement as a condition precedent to conducting the examination; (3) Employer's assertion that it would violate certain provisions of HIPAA to proceed with video-conferencing the examination; and (4) Employer's argument that placing a video-conferencing condition on the medical examination goes beyond the scope of section 50-6-204(d)(1). Given that Employer timely filed a notice of appeal with respect to the trial court's June 11 order, we conclude that the trial court's determinations as reflected in that order are subject to review on appeal.

This conclusion is further supported by the principle that an interlocutory order, by its very nature, can be amended, modified, or otherwise revised at any time prior to the issuance of a compensation order addressing all issues in the case. *Green v. Rogers Group*, No. 2016-04-0085, 2017 TN Wrk. Comp. App. Bd. LEXIS 34, at *4 (Tenn. Workers' Comp. App. Bd. May 22, 2017); *see also* Tenn. R. Civ. P. 54.02 ("any order . . . that adjudicates fewer than all the claims . . . is subject to revision at any time before entry of the judgment adjudicating all the claims"). In the present case, when the trial court issued its June 11 interlocutory order, it addressed issues previously discussed and included additional rationales for its decision. Those determinations are subject to review on appeal because the appealing party timely filed a notice of appeal as to that interlocutory order.

Finally, Employee asserts the trial court's June 11 order must be reviewed using only an abuse of discretion standard. We disagree. Instead, we conclude the issues addressed in the trial court's June 11 interlocutory order are subject to our review in the same manner as any other interlocutory order. The trial court's determinations involving issues of statutory interpretation are reviewed *de novo*. Decisions that were within the trial court's discretion are reviewed under an abuse of discretion standard.

*Telephonic Hearing*

Next, Employer asserts the trial court erred in proceeding with a telephonic hearing on June 10, 2019 over its objections. Employer argues its inability to have a court reporter present or otherwise make a record of the hearing resulted in unfair

5

prejudice. According to Employer, "it was an abuse of discretion for the trial court to continue the proceedings over Employer's objections and after the malfunctioning of its recording device." In response, Employee argues the decision to proceed with the hearing was within the trial court's discretion, the issue was thoroughly briefed by both parties, and "[a]ppellant was not at some disadvantage warranting remand in this situation." For the reasons set forth below, we find Employee's position on this issue more persuasive.

First, the parties submitted multiple pleadings and briefs regarding the request for a medical examination pursuant to section 50-6-204(d)(1), including: (1) Employer's motion to compel; (2) Employee's response and motion for protective order; (3) Employer's motion to reconsider and amend; and (4) Employee's response to the motion to amend. Moreover, both parties have submitted briefs on appeal, setting out in detail their respective arguments for and against the trial court's decision, and the parties have been given the opportunity to orally argue the case. Employer has not suggested that the transcript of its argument from the June 10 hearing would have added anything new.

Second, Tenn. Comp. R. & Regs. 0800-02-21-.18(2)(a) gives trial courts discretion to decide whether to conduct hearings for non-dispositive motions. There was no witness testimony presented at the June 10 hearing, so there was no evidence to preserve. To prevail on this issue, Employer must show that the trial court's decision to hear legal arguments on the motion to reconsider, despite the lack of a court reporter, constituted an abuse of discretion, meaning that the trial court "applied an incorrect legal standard" or that the decision to proceed was "against logic and reasoning that caused an injustice to the party complaining." *Sanker v. Nacarato Trucks, Inc.*, No. 2016-06-0101, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *12 (Tenn. Workers' Comp. App. Bd. July 6, 2016). We conclude Employer has been given ample opportunities to present its arguments and, even if the trial court's decision to proceed with the June 10 hearing was "against logic and reasoning," the error was harmless under the circumstances presented.

*Video-Conferencing Requirement*

Finally, with respect to the trial court's requirement that Employer arrange for the medical examination to be "video-conferenced" so that Employee's physician can be "present" electronically, we note at the outset that this is an issue of first impression in Tennessee. With no precedent to guide us, we are required to consider the plain and ordinary meaning of the statutory language, and we must "avoid a construction that unduly restricts or expands the meaning of the language used." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *8 (Tenn. Workers' Comp. App. Bd. May 18, 2015). When the words in a statute "clearly mean one thing, the courts cannot give them another meaning under the guise of construing them." *Pfizer, Inc. v. Johnson*, No. M2004-00041-COA-R3-CV, 2006 Tenn. App. LEXIS 44, at *7 (Tenn. Ct. App. Jan. 23, 2006). We conclude there is no reasonable

6

interpretation of the phrase "present at the examination," as used in the context of this statute, that includes an individual's electronic observation from a remote location.

The language in question, indicating that an employee "must submit" to an examination if requested by an employer "at all reasonable times," and that the employee "shall have the right to have the employee's own physician present at the examination," has been part of the Tennessee Workers' Compensation Law since the passage of the original "Workmen's Compensation Act" in 1919.[5] In considering the plain and ordinary meaning of the word "present," we note that Black's Law Dictionary defines the word to mean "[i]n attendance, not elsewhere." Black's Law Dictionary (10th ed. 2014). Obviously, the Tennessee General Assembly in 1919 had no concept of live-streaming, video-conferencing, or any other method by which someone could participate in a meeting electronically from a remote location because such technology did not exist. The language in question has undergone almost no change since 1919 despite numerous amendments to the workers' compensation law,[6] and we have discovered no legislative history indicating any intent to adjust the meaning of the language in the last one hundred years. If such an adjustment in meaning is intended, it is up to the General Assembly, not the courts, to express it.

Moreover, we respectfully disagree with the trial court's conclusion that such video-conferencing technology is "simple, cheap, reliable[,] and available to everyone." While it is invariably true that many people own smart phones, tablets, and computers with video-conferencing capabilities, the uses of such technology are often limited by an individual's cellular service, the availability of Wi-Fi or hard-wired connections, the security of such connections, and the knowledge of the user.

In addition, the trial court did not make clear in its order: (1) who would be responsible for providing a device or equipment capable of initiating a video-conference; (2) who would be responsible for monitoring the device during the examination and addressing any technological issues that may arise during the examination; (3) who would be responsible for ensuring that Employee's physician, and *only* Employee's physician, was viewing the examination electronically; and (4) whether the video-conference must include events outside the evaluating physician's presence, such as a nurse's preliminary examination and diagnostic testing. Further, the order did not specify whether Employee's physician, while attempting to view the examination by video-conference, could insist on or request that the video-conferencing device be adjusted or the perspective be changed during the examination. In short, the trial court's order

---

[5] *See* 1919 Tennessee Public Acts, Ch. 123, § 25.

[6] The original language, "the employee shall have the right to have his own physician present at such examination," has been revised to state, "the employee shall have the right to have the employee's own physician present at the examination." *See* Tenn. Code Ann. § 50-6-204(d)(1) (2018).

included no provisions to ensure the accuracy, reliability, and fairness to both sides of such an arrangement.

We note with interest that Rule 30.02 of the Tennessee Rules of Civil Procedure, which governs the general requirements of depositions, includes "non-stenographic recording" of such examinations. Subparagraph (4)(A) emphasizes the need to ensure that a non-stenographic recording of a deposition is "accurate and trustworthy." Tenn. R. Civ. P. 30.02. The rule specifies who bears the expense of arranging for such non-stenographic recordings, and it includes a provision regarding the need to certify a deposition "recorded by other than stenographic means." *Id.* In addition, Rule 35 of the Tennessee Rules of Civil Procedure, which governs physical and mental examinations of persons, discusses the need for a "detailed written report" of the examination, but it does not provide for the video-conferencing of the examination.

In short, there are no statutes, rules, or regulations providing for the video-conferencing of a medical examination pursuant to Tennessee Code Annotated section 50-6-204(d)(1). There are no rules or regulations explaining the manner in which such video-conferencing would be arranged, conducted, or secured. There are no rules or regulations governing who bears the expense of arranging and conducting such a video-conference. Consequently, with no statutes, rules, or regulations in place governing this practice, we decline to create a "right" to insist on the video-conferencing or live-streaming of a medical examination. The creation of such a right, if deemed appropriate, is a function historically reserved for the legislature.

**Conclusion**

For the foregoing reasons, we affirm the trial court's order to the extent it requires Employee to submit to a medical examination in accordance with Tennessee Code Annotated section 50-6-204(d)(1). We reverse the trial court's order to the extent it requires the medical examination to be live-streamed or video-conferenced, and we remand the case. Costs on appeal are taxed to Employee.